Case: 1:23-cv-01722 Document #: 1-1 Filed: 03/20/23 Page 1 of 9 PageID #:22

# **EXHIBIT A**

**CONSUMER LOAN AND ARBITRATION AGREEMENT**

| **Creditor:** Ascend Loans, LLC<br>635 East Highway 20, U<br>Upper Lake, CA 95485<br>**Phone Number:** 1-888-512-7236 | **Consumer:** Matthew Hall<br>**Customer ID:** ▇▇22<br>**Loan Type:** Installment Loan<br>**Loan Number** ▇▇22 |
|---|---|

**TRUTH IN LENDING DISCLOSURE STATEMENT**

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 699.9936% e | $1,921.58 e | $400.00 | $2,321.58 e |

Your payment schedule will be:

**Number of Payments**  **Amount of Payments**  **When Payments Are Due**
21 - Bi-Weekly          $ 110.50                On every other Friday beginning 10/21/2022

- Late charge: if a payment is late, you may be charged $25.00
- Prepayment: If you pay off your loan early you will not have to pay a penalty, and you will not be entitled to a refund of part of the finance charge.
- See your loan agreement for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.
- All numerical disclosures except the late payment charge disclosure and the payment dates are estimates.

Itemization of the Amount Financed of $400

$400 Amount given to you directly

$5 processing fee must be added to every check payment.

e means an estimate

**SPECIAL NOTICES:**

- THIS AGREEMENT CONTAINS AN ARBITRATION AGREEMENT THAT AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.
- YOUR LOAN IS DESIGNED TO ASSIST YOU IN MEETING YOUR SHORT-TERM CASH NEEDS AND IS AN EXPENSIVE FORM OF CREDIT
- YOU CAN SAVE FINANCE CHARGES BY MAKING EARLY PAYMENTS ON YOUR LOAN
- CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR COMMUNITY FOR CONSUMERS EXPERIENCING FINANCIAL PROBLEMS

**Agreement Date:** October 6, 2022

This is your loan contract (the "Agreement") with Ascend Loans, LLC, an economic development arm of the Habematolel Pomo of Upper Lake (the "Tribe"), a federally recognized Indian Tribe.

**1. PROMISE TO PAY:** You promise to pay us all principal and any interest on or before the dates described in the Payment Schedule above or as otherwise agreed to by you and us, along with any fees or other costs due under this Agreement. Due to the mathematics of this type of loan, your final payment may be less than the previous payments. The estimated payments and rates above may also vary if your payments are not received by the dates in the Payment Schedule.

**2. RECEIVING FUNDS:** We will use commercially reasonable efforts to deposit your loan proceeds into the bank account you provide to us (your "Bank Account") on the next business day after you sign the Agreement (the "Agreement Date"). Unavoidable delays including conditions outside of our control (such as transmission cutoff times, conditions imposed by your bank, processing errors, bank holidays, or "acts of God" – collectively "Conditions") may extend the time it takes for you to receive your loan proceeds and may cause a change in the date you receive your funds and affect your APR as disclosed above. You understand that all funding is subject to Conditions which may delay or prevent fund availability, and You agree you will not hold us responsible for any such delay.

**3. INTEREST:** Interest accrues on the unpaid principal balance of your loan beginning on the Agreement Date stated above and continuing until your loan is repaid in full. You will pay interest at a yearly rate of 707.8767%. We calculate interest on a daily basis based on actual days elapsed and a year of 365/366 days. Interest at this rate will continue to accrue after any default, at our discretion.

**4. PAYMENTS & FINANCE CHARGE IMPACT:** Your loan is a fixed-term, fixed-payment, amortized loan. You agree to make payments beginning on 10/21/2022 and continuing thereafter on a bi-weekly basis. Each scheduled payment is $110.50. Your payment schedule (the amount and number of payments) may vary if you pay differently than scheduled (such as if you miss or make a late, partial, or extra payment). If you vary from the schedule, pursuant to Section 16 below we may declare you in default or, in our discretion, enter into a new payment arrangement with you. If we agree to a new payment arrangement, you should contact our customer service department for a copy of your full payment schedule. Note that interest continues accruing on unpaid principal resulting in an increase in your Finance Charge disclosed above. However, if you make a payment earlier than or larger than your scheduled payments, you will pay less interest than the Finance Charge disclosed above. Late payments may incur fees as described in this Agreement. Please be aware that, if the scheduled pay date falls on a weekend or holiday, you acknowledge and agree that we will initiate a debit to your account on the banking day immediately before that scheduled pay date; you should make sure that there are sufficient funds in your account when that occurs.

**5. HOW TO MAKE PAYMENTS:** You may pay your loan using any of the following methods: electronic payments, if you have agreed to the Automatic Payment Authorization Agreement; check; cashier's check; and money order. We do not accept cash out of concerns for your security. You can easily arrange for a money order at any post office. For any method you choose, you need to have agreed to the terms associated with that payment method. You may change your payment method at any time by contacting Customer Service and agreeing to the terms associated with your new payment method. You must allow at least three business days before your scheduled payment date for the change to be effective. Checks or money orders must include a $5 processing fee and must arrive at Ascend Loans, LLC on or before your payment due date. If you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. If we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment[, and you will not receive your check back from your financial institution. Our acceptance of any payment less than the full amount due or which bears a restrictive endorsement or notation (such as "Payment in Full," "Without Recourse," or "Full Satisfaction") shall not be deemed a settlement of a bona fide dispute unless: (a) the payment is sent to us at 635 East Highway 20, U, Upper Lake, CA, 95485, Attention: Dispute Resolution; (b) the payment is accompanied by a conspicuous statement (on a separate sheet of paper from your check or statement) that identifies your account number, the basis of the dispute, and that you are tendering the payment in settlement of the dispute; and (c) we do not reject the payment within ninety (90) days of receipt.

**6. PAYMENT RELIEF AND APPLICATION.** If you are concerned about making a payment, please contact

customer service at 1-888-512-7236 at least three (3) days before your payment is due so we can, in our discretion, attempt to make alternative arrangements. We will apply your payments in the following order; past due interest, past due principal, past due returned item fees, past due late fees, current interest due, current principal, current interest accrued, current returned item fees, current late fees, and unbilled principal.

**7. RETURNED & LATE PAYMENT FEES:** If you make a payment by any means, including electronically, that is not honored or cannot be processed for any reason, including insufficient funds in your designated account, you may be charged a returned payment fee of $30.00. If you fail to make a full payment within three days of your scheduled payment due date, you may be charged a late fee of $25.00. You understand and agree that we will include either fee as part of your loan which must be paid in full. You should also note that your financial institution may also impose a fee if your account does not have sufficient funds to cover any debit processed for payment from such account; you agree that you will not hold us or our agents responsible for any such fees that your financial institution may impose.

**8. PREPAYMENT:** You may choose to pay all or part of your loan early with no prepayment penalty. Early payment will reduce the amount of interest you will pay on your loan. You can make early payments via the customer service portal or by contacting Customer Service at 1-888-512-7236. Please allow at least three (3) business days for us to process your payment. If you make an extra payment that is less than the total payoff amount, your scheduled payment amount and due dates shown on your Payment Schedule will not change, but your loan may pay off sooner, depending on the amount of the early payment you make and how you make other payments. The amount of your final payment also may change due to these factors.

**9. ACCESSING SERVICES FROM AN INDIAN RESERVATION:** Ascend Loans, LLC, is a wholly-owned economic development arm of the Habematolel Pomo of Upper Lake (the "Tribe"), a federally recognized Indian tribe. The Tribe owns and operates businesses to generate funds needed to run our government, serve our people and preserve our culture. For purposes of this Agreement and under the federal Financial Consumer Protection Act of 2010, the Tribe is considered a state. You understand that your loan is a service offered to you via the internet from the Tribe's trust land, regardless of where you may be situated or access this service, and this Agreement constitutes an agreement for consumer loans within the Tribe's jurisdiction, not in any other state. The Tribe regulates financial services obtained by anyone choosing to access the Tribe's jurisdiction, such as you, under the [Habematolel Pomo of Upper Lake Tribal Consumer Financial Services Regulatory Ordinance](). Ascend Loans, LLC is authorized to offer such services within the Tribe's jurisdiction through a license issued by the HPUL Tribal Financial Services Regulatory Commission. You may contact the Commission by mail at P.O. Box 516 Upper Lake CA 95485 or via email at [information@hpult.com](). As an economic arm of the Tribe, Ascend Loans, LLC possesses sovereign immunity which will limit any actions, if any, you may bring in a dispute. For this Agreement, Ascend Loans, LLC grants a limited waiver of its sovereign immunity only as set forth in the Arbitration Agreement. By choosing to visit the Tribe's jurisdiction via the internet and access services offered and regulated under the Tribe's laws, you agree that this Agreement becomes a binding contract when we accept it at our offices on the Tribe's reservation and you freely consent to the Tribe's jurisdiction regarding all aspects of your Loan Agreement.

**10. GOVERNING LAW:** You agree that this Agreement and all aspects of your loan and your relationship with us including all claims or causes of action (contract, tort, equity, statutory or otherwise) shall be subject to, and governed by and enforced in accordance with the laws of the Tribe and applicable U.S. federal law (collectively, the "Governing Law"). By agreeing to this governing law provision, you acknowledge and agree that the laws of the Tribe rather than the laws of your state or any other state will apply. Nothing in this Loan Agreement shall be interpreted to (i) waive any rights you have under U.S. federal law or (ii) prevent you from bringing any individual Claim against us under U.S. federal law, subject to the Arbitration Agreement's prohibition of a jury trial, class actions, class arbitration, and injunctive relief in favor of non-parties.

**11. NO CONTINGENCY:** You acknowledge and agree that we did not require you to obtain any other product or service from us, or anyone else, in order to obtain your loan.

**12. BANKRUPTCY:** You certify to us that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code.

**13. NOT MILITARY:** You certify to us that you are not a member of the military or the spouse/dependent of a military member.

**14. CREDIT REPORTING:** We may report information about your loan and your payment behavior to one or more consumer reporting agencies. Late payments, missed payments, defaults, or other reportable events may be reflected on your credit report.

**15. RESCISSION:** You can rescind your loan without incurring any fee by returning, in full, the amount borrowed on or before 3:00 p.m. Pacific Time of the business day following the day on which you received your funds (the "Rescission Deadline"). To illustrate, if you received loan proceeds on a Monday, you have until 3:00 p.m. Pacific Time Tuesday to return the full amount borrowed and rescind your loan (since the weekend is not considered a business day for us, you would have until Monday if you received your loan proceeds on a Friday). You must rescind your loan in writing before the Rescission Deadline, by emailing customerservice@ascendloans.com of (i) your decision to cancel this Agreement and (ii) your authorization for us to debit your bank account for full principal amount of your loan. At your option you may send a check or money order for the full amount, but it must arrive by the Rescission Deadline. If you do not return your loan proceeds by the Rescission Deadline then your attempted rescission will not be valid and you must abide by all repayment obligations in this Loan Agreement.

**16. DEFAULT:** You will be in default under this Agreement if: (a) you provide any false or misleading information; (b) you fail to make any payment when due within three days of being due or your payment is returned unpaid for any reason. When your loan is in default you have ten days after we notify you to cure the default. If you do not cure a default within the allowed time, we may, at our sole option:

(a) without further action or notice, declare the entire unpaid principal balance and all accrued unpaid interest and fees immediately due ("Accelerate Your Loan") and require you to immediately pay all amounts due and proceed to collect them; and

(b) agree to permit you to correct a payment default by modifying your Loan Schedule and/or payment amounts (a "Payment Arrangement"). If you fail to honor a Payment Agreement's terms, we may modify or terminate the Payment Arrangement and Accelerate Your Loan.

**17. CHANGES:** We reserve the right to change the terms of this Agreement at any time with notice to you as required by Tribal law and applicable federal law. Such changes may apply to the loan and any current amount of outstanding principal and any future payments. We also reserve the right to lower your interest rate and provide you with an updated payment schedule. By continuing to pay the loan, you are accepting the change in terms and will remain obligated to repay your loan in full. If you choose not to accept the changes, you may contact Customer Service to close your account. If you close your account, you will still be required to repay all amounts that you owe on your loan pursuant to the continuing terms of this Loan Agreement.

**18. AGREEMENT TO RECEIVE NOTICES ELECTRONICALLY:** You acknowledge that when you were approved for a loan, you agreed to the terms of our Application Authorization and Electronic Communications Consent. Pursuant to that authorization, you agreed that any disclosures and other information required by the Truth in Lending Act, Regulation Z, The Electronic Funds Transfer Act, Regulation E, The Equal Credit Opportunity Act, Regulation B, Title V of the Gramm?Leach? Bliley Act, Regulation P (or its applicable equivalent), The Fair Credit Reporting Act, and/or any other provision of applicable federal or Tribal Law or regulation may be delivered to you electronically. Except as otherwise provided in the Agreement, you specifically agree that all notices required to be sent to you are effective when emailed or delivered to your last known mail or e?mail address as identified in our records. In addition to the communications covered by the Electronic Consent Authorization, you agree that we may send or provide by electronic communication any notice, communication, disclosure amendment or replacement to the Agreement. All notices to us from you should be forwarded to Ascend Loans, LLC, 635 East Highway 20, U, Upper Lake, CA 95485 or emailed to customerservice@ascendloans.com.

**19. ADDITIONAL PROVISIONS:** The parties do not intend the benefits of this Loan Agreement and the associated Arbitration Agreement to inure to any third party, unless expressly stated herein, and nothing contained herein shall be construed as creating any right, claim or cause of action in favor of any such third party. Subject to the terms of the Arbitration Agreement below regarding the Class Action Waiver as defined below, if any part of this Agreement is found invalid or unenforceable, the rest of the Agreement will remain in effect, valid and enforceable.

**20. PUBLICITY:** You grant to us or to any third party the right to make any commercial or noncommercial use of your statements and opinions about Ascend Loans, LLC and its products and services, as well as your name and image, for advertising, publicity, and any other legal purpose.

**21. ASSIGNMENT; WAIVER:** You may not assign the Agreement to any other party. We may assign the Agreement or delegate any or all of our rights and duties under the Agreement to any third party without notifying you. No delay or omission by us in exercising any rights or remedies hereunder shall impair or waive such right or remedy.

**22. ENTIRE AGREEMENT:** This Agreement and any other written agreement you entered with us in obtaining this loan constitute the entire agreement between us and supersedes all prior agreements, understandings, statements or proposals, and representations, whether written or oral. Subject to the provision above regarding "Changes," this Agreement and any other written agreement you entered into with us in obtaining this loan may not be modified except by written amendment signed by both parties.

**23. DISPUTES.** We both agree that any disputes regarding this Agreement will be decided pursuant to the terms set forth in the Binding Confidential Arbitration Agreement, Class Action Waiver and Jury Trial Agreement below (the "Arbitration Agreement") unless you timely opt out of such process as set forth below.

## BINDING CONFIDENTIAL ARBITRATION AGREEMENT, CLASS ACTION WAIVER AND JURY TRIAL AGREEMENT.

**What is Arbitration.** Arbitration is a confidential process in which persons with a dispute waive their rights to have disputes resolved by a court or jury. Instead, the parties agree to submit all claims and disputes to a neutral third person (an "arbitrator") for an award or decision. Arbitration proceedings are private and less formal than court proceedings. Other rights that you or we might have in court, such as the right to appeal, generally are more limited in arbitration. A final arbitrator's decision is binding on both you and us, except to the extent the decision may be vacated, modified, or corrected under the Federal Arbitration Act, 9 U.S.C. §§1-16 ("FAA").

**Agreement to Arbitrate.** You and we agree to arbitrate all disputes and claims through confidential binding individual arbitration, including all claims regarding the validity, scope, or enforceability of this Arbitration Agreement.

**What Rights You are Waiving.** Since both you and we agree that we will resolve all disputes through individual arbitration, (a) WE ARE EACH WAIVING THE RIGHT TO A COURT OR JURY TRIAL; and (b) ALL DISPUTES SHALL BE ARBITRATED ON AN INDIVIDUAL BASIS. YOU AND WE ARE WAIVING THE ABILITY TO SERVE AS A PRIVATE ATTORNEY GENERAL OR BRING A CLASS ACTION, REPRESENTATIVE ACTION, CLASS ARBITRATION OR ANY SIMILAR PROCEEDING (the "Class Action Waiver")

**What is Covered.** All claims asserted by us against you or your heirs, successors, representatives, or assignees. All claims asserted by you against us and/or any of our direct or indirect parent companies or entities, affiliated entities, vendors, or service providers, and each of their employees, agents, representatives, directors, officers, shareholders, governors, managers, members, and other affiliated persons (hereinafter collectively referred to as "related third parties"), including, without limitation, claims for money damages and/or equitable or injunctive relief.

**Who is Covered.** This Arbitration Agreement, in addition to us and you, covers our and your heirs, successors, representatives, and assigns, and our related third parties.

**What Law Applies to This Arbitration Agreement.** This Arbitration Agreement involves interstate commerce. It shall be governed by and subject to the FAA for all purposes. The Arbitrator shall decide all issues arising under or relating to the Loan Agreement, as described above, including all claims regarding the validity, scope, or enforceability of this Arbitration Agreement, in accordance with the Governing Law

**Opting Out of Arbitration.** You (but not we) shall have the right to opt out of this Arbitration Agreement,

at any time within 21 calendar days following your signing of this Agreement. To opt out of this Arbitration Agreement, you must provide us written notice either by certified, registered, or return-receipt requested mail to us at the following physical address: 635 East Highway 20, U, Upper Lake, CA 95485, Attention: Arbitration Opt Out or via email to arbitrations@ascendloans.com The written notice must include your full name, address, account number, phone number, and the statement that "I reject the Arbitration Agreement contained in my Loan Agreement" and be physically or electronically signed by you. Notice is considered delivered when postmarked if sent by mail or delivered if sent by email. If you opt out of this Arbitration Agreement, all other parts of the Loan Agreement remain in full force and effect.

**Steps Before Arbitration.** Before filing a claim, we each agree to attempt to resolve the dispute informally. The party that believes they have a claim should email or write the other party explaining the details of the potential claim and a proposed resolution. If you need to contact us, please email us at complaints@ascendloans.com. If you and we cannot resolve the dispute within 15 days of start of the informal process, either you or we may start arbitration. All settlement offers and discussions made during the informal process are confidential and neither you nor we can disclose them to the arbitrator.

**Starting the Arbitration Process.** If either party or a related party has exhausted informal options in resolving a dispute or claim, that party may send the other party by certified mail a written notice to commence Arbitration. The written notice must describe all claims and the relief requested. Regardless of who demands arbitration, you have the right to choose between the American Arbitration Association (1?800?778?7879) or http://www.adr.org; or JAMS (1?800?352?5267) or http://www.jamsadr.com, to administer the arbitration. If one or more arbitration administrators or arbitrators are unable or refuse to act as an administrator or arbitrator, then the parties shall select a mutually agreeable administrator or arbitrator to address the claim(s). If you demand Arbitration, you must inform us of the arbitration organization you have selected in your notice to arbitrate. If we or a related third party demand arbitration, you must notify us in writing of your choice for an arbitration organization within ten (10) days of receiving an arbitration notice. If you fail to choose an arbitration organization by the deadlines, we will have the right to choose one.

**Responding to an Arbitration Request.** The party receiving notice of arbitration shall respond in writing by certified mail within thirty (30) days or such other time period upon which the parties agree in writing.

**Where Will the Arbitration Occur.** For your convenience, you may choose to participate in any arbitration proceeding via telephone or other mutually agreed upon electronic platform. If you want to have the proceeding in person, you may request that the arbitration occur within thirty (30) miles of your residence or some other mutually agreed upon location or as the arbitrator dictates.

**Who Pays for Arbitration Costs.** Regardless of who demands arbitration, we will advance your portion of the arbitration expenses, including the filing, administrative, hearing and arbitrator's fees ("arbitration fees") at your request. Each party shall bear his or her own attorneys' fees and expenses, unless otherwise provided by applicable law. If the arbitrator finds in your favor, you will not need to reimburse us the arbitration fees. If the arbitrator does not find in your favor, then you may be required to repay the arbitration fees. However, if you are required to repay the arbitration fees, the amount will not exceed the filing fee(s) and other costs you would have paid had the dispute been adjudicated in court.

**Procedural Rules.** The arbitration will proceed according to the rules and procedures used by the applicable arbitration organization for consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Agreement. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

The arbitrator shall apply the Governing Law including applicable statutes of limitation, and shall honor claims of privilege permitted by the Governing Law. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. The arbitrator shall not be bound by rulings and awards in prior arbitrations involving different customers. If an arbitrator, appellate arbitrator(s), or a final non?appealable judgment of a court having jurisdiction over this transaction and the parties finds, for any reason, that the FAA does not apply to this transaction, then this Arbitration Agreement shall be governed by the laws of the Habematolel Pomo of Upper Lake ("Tribal Law"), specifically, Chapter 8 of the Habematolel Pomo of Upper Lake Judicial Code.

**What Damages are Available.** The arbitrator may award the same damages as a court including without limitation statutory, punitive, or treble damages if allowed by the Governing Law. The arbitrator may award injunctive relief in favor of the individual party seeking relief, but not in favor of others. The arbitrator may not award class, representative, or public injunctive relief. Arbitrators may award you reasonable attorneys' fees and expenses if allowed by the Governing Law. We cannot recover our attorneys' fees and costs in arbitration unless the arbitrator decides that your Claim is frivolous and the arbitration rules allow it. If a court decides that these limits on injunctive relief are not enforceable, then after all appeals from that decision have been exhausted, the Claim for injunctive relief must be severed from the arbitration. The Claim may then be brought in court after arbitration of the remaining Claims is completed

**The Arbitrator's Award.** The arbitrator shall issue a reasoned award or decision. You or we may request that the arbitrator explain his or her decision in writing, if such a request is made within 14 days of the decision. The arbitrators award shall not be considered final until appellate rights have been exhausted or the time for filing the notice of appeal pursuant to this Arbitration Agreement and the Appellate Rules has expired.

**Appealing an Award.** You and we agree that the arbitrator's award or decision may be appealed pursuant to the AAA's Optional Appellate Arbitration Rules or the JAMS Optional Arbitration Appeal Procedures ("Appellate Rules"). Following the appeal process or expiration of the time in which to appeal, the decision or award rendered by the appeal arbitrator(s) is final, binding, confidential, and may be entered in the United States District Court for the federal judicial district in which you reside.

**Grounds for an Appeal.** Appeals must satisfy at least one of three criteria to succeed. The arbitrator(s) who issued the award must have made one or more of the following:

   a. An error of law that is material and prejudicial.
   b. Determination(s) of fact that is/are clearly erroneous.
   c. The arbitrator's award is arbitrary or capricious.

**What Happens During an Appeal.** Once an appeal has been timely filed:

   a. The award is not considered final for purposes of seeking relief from a court as provided by the FAA.
   b. The time period for filing judicial proceedings is tolled while the appellate process is pending.
   c. The parties are required to ask the court to stay any already-initiated judicial proceedings until the conclusion of the appeal.

**Appellate Decisions.** The appellate arbitrator(s) will issue a decision within 30 days of oral argument or such period as the arbitrator(s) require. The majority decision of the appellate arbitrator(s) may arrive at three potential outcomes:

   a. confirm the initial award.
   b. issue a new award or decision.
   c. request additional information and extend the period for issuing a final decision by 30 days.

**Enforcing An Award.** If needed, enforcing arbitration or a final arbitration award may be accomplished in your choice of either Tribal Court or the United States Court for the judicial district in which you reside (either a "Chosen Forum"). Ascend Loans hereby provides a limited waiver of its sovereign immunity for such an enforcement action when made by you and no other party, regarding only your Agreement, for an action in only a Chosen Forum, and which expires six months after the termination of your Loan Agreement.

**What is the Term of this Arbitration Agreement.** Unless you have followed the procedure for opting out of arbitration, this Arbitration Agreement continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Arbitration Agreement survives any cancellation, termination, amendment, expiration or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any part of this Arbitration Agreement other than the Class Action Waiver is held invalid or unenforceable, the remainder shall remain in effect, valid and enforceable. If the Class Action Waiver is held to be invalid or unenforceable, this entire Arbitration Agreement (but not any other portion of the Loan Agreement) shall be null and void.

**Confidential Process.** All arbitration proceedings under this Arbitration Agreement and all associated

decisions and awards of the arbitrator and appellate arbitrator(s) shall be confidential except to the extent required to enforce or confirm the arbitrator's award or decision in an allowed court. Any party filing information or documents regarding the arbitration in such court shall follow the court's procedures to make such filings under seal, unless the court denies the filing party's request to make such filings under seal for reasons other than failure to comply with the applicable rules governing filings under seal.

**YOU UNDERSTAND AND AGREE THAT THIS LOAN IS NOT INTENDED TO MEET LONG TERM FINANCIAL NEEDS.**

**By electronically signing this Agreement below**, you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from consumer reporting agencies or other sources. **You acknowledge, represent and warrant that: (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Arbitration Agreement, and the Class Action Waiver, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you have reviewed and been given the option to print or retain a copy of this Agreement before you signed it, as well as our privacy policy, and (d) you have the ability to print or retain a completed copy of this Agreement.**

| Signature | Date Signed | Signature IP | Contract # |
|---|---|---|---|
| Matthew Hall | 10/05/2022 | ▮▮▮▮▮▮ | ▮▮▮▮▮22 |